IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION



**FILED**

**May 7, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9502-CR-00051 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable L. T. Lafferty, Judge |
| | ) | |
| ELWIN SOUTH, | ) | (Motion for Reduction of Sentence) |
| | ) | |
| Appellant. | ) | |

<u>For the Appellant</u>:

Elwin N. South, Sr., <u>Pro</u> <u>Se</u>
L.C.R.C.F. Rt. 1, Box 330,
Tiptonville, TN 38079

<u>For the Appellees</u>:

Charles W. Burson
Attorney General of Tennessee
        and
Ellen H. Pollack
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti, Jr.
District Attorney General
201 Poplar Avenue
Memphis, TN 38103-1947

OPINION FILED:_____

REVERSED AND REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Elwin South, appeals as of right from the Shelby County Criminal Court's order denying his motion for reduction of sentence. Pursuant to guilty pleas, the defendant was convicted of three counts of attempted aggravated rape, a Class B felony, and sentenced to three concurrent eight-year terms of confinement. The issue presented for our review is whether the trial court erred by denying the defendant's motion for reduction of sentence because it was untimely filed. The underlying question in this appeal is when did the defendant file his motion. We reverse the trial court and remand the case for reconsideration in light of this opinion.

The defendant's sentences were imposed on August 12, 1993, with the trial court denying any type of alternative sentencing. The defendant filed a motion to reduce his sentences, alleging serious medical problems, including prostate cancer, and the need to support his wife, given the fact that his social security income ended while he was in prison.

Pursuant to Rule 35, Tenn. R. Crim. P., a trial court has the authority to reduce a defendant's sentence "upon application filed within 120 days after the date the sentence is imposed . . . ." The Committee Comment to the rule states that the time period may not be tolled or extended. However, we believe that the trial court records and the appellate court records in this case, of which we take judicial notice, indicate that the problems in this case may not be of the defendant's doing so that justice could require consideration of the merits of his motion by the trial court. See State v. Darrell Tipton, No. 03C01-9305-CR-00142, Carter County, slip op. at 2 (Tenn. Crim. App. Nov. 22, 1993) ("It would be a travesty of justice to hold a pro se appellant . . . accountable for an oversight, in the office of the Court Clerk, not of his doing.")

2

On May 9, 1996, nunc pro nunc to March 8, 1995, the trial court entered an order stating that it denied the defendant's Rule 35 motion on March 8, 1995, without a hearing because the motion was untimely filed and the trial court did not otherwise have jurisdiction over the defendant. The order stated that the Shelby County Criminal Court Clerk "apparently failed to notify the petitioner of the Court ruling." The trial court acknowledged that the defendant claims his motion was filed in November 1993, but it concluded that "the Clerk's records reflect the motion was received in that office on February 20, 1995, and formally filed on February 22, 1995." Appendix A to the order includes a copy of the defendant's motion marked "FILED 2-22-95" by a deputy court clerk and a copy of an envelope cover reflecting a mailing from the defendant to the trial court clerk's office and containing a postal stamp dated "FEB 20 '95" and another stamp stating, "DELIVERED FEB. 21 1995."

The defendant filed a motion to reconsider in which he alleged that he mailed his Rule 35 motion by registered/certified mail on November 24, 1993, and that the trial court clerk's office received it on November 29, 1993, well within the 120-day limit. He attached a copy of a registered/certified mail receipt that reflects that an article addressed to "Ms. Minerva Johnican Clerk, 201 Poplar Ave., Mphs., TN. 38103" was received by a person under the signature of "Gaines Crim. Court Clerk." We also note that the defendant's signature on his Rule 35 motion was notarized on November 24, 1993. The trial court denied the motion to reconsider for the same reason that it denied the motion for reduction.

On appeal, the defendant continues to assert that his motion was filed timely. He argues that he has diligently pursued his motion and that he should not be penalized for circumstances outside of his control. In response, the state counters with basic arguments. It simply says that the motion was filed on February 22, 1995, thereby being outside the 120-day limitation. It then argues that even if the motion

3

were timely, the trial court was authorized to exercise its discretion in denying the motion without a hearing and the petitioner has not shown that the interest of justice would be served by modifying his sentences.

We believe that the state's arguments are unconvincing. First, we question the trial court's determination of disputed facts without the benefit of an evidentiary hearing. When the defendant alleges that he has timely filed the motion and produces supporting documents that on their face reflect a timely filing, the trial court should not resolve a contested factual issue without giving the parties an opportunity to present their respective cases.

In any event, we are inclined to believe that the defendant's claims are supported by the records before this court. Aside from the date of the defendant's notarized signature on the motion and the date on the registered/certified mail receipt, our court's records reflect that it is highly improbable that the defendant submitted his Rule 35 motion in February 1995. On February 23, 1995, the appellate court clerk in Jackson marked as filed a pleading styled Application for Audita Querela Writ of Certiorari that complains about the fact the Shelby County Criminal Court has failed to act on his Motion for Reduction of Sentence filed in November 1993. The documents reflect that the defendant's signature on the pleading was notarized on February 17, 1995. The Application's attachments include the defendant's Motion for Reduction of Sentence and a copy of the November 29, 1993, registered/certified mail receipt. The Application also includes a claim by the defendant that he inquired by letter in 1994 about the status of his motion. The Application seeks to require the trial court to act on the merits of the defendant's motion.

In other words, the timing of the Application filed with this court and its allegations do not lend themselves easily in support of the trial court's conclusion that

4

the defendant's Rule 35 motion was first received in the trial court clerk's office on February 20, 1995. Moreover, as previously indicated, if the defendant's pleadings and exhibits in the trial court are taken as true, then he has shown that he filed his motion on November 29, 1993, when the registered/certified mail receipt was signed by a deputy clerk.[1] What happened with the motion after that would not be of the defendant's doing. In any event, the record is such that we believe that a dismissal for untimeliness would have to result from further hearing.

As for the state's claim that the defendant has made no showing that the interests of justice would be served by a sentence reduction, we do not believe it is our obligation to undertake that analysis. First, it was never undertaken by the trial court, the forum with the primary authority and duty to act on the merits of the Rule 35 motion. Its discretion relative to such a motion, though, does not include not acting on the merits. Second, the records before us are insufficient to warrant a ruling either way. In fact, save the Rule 35 motion and subsequent pleadings, none of the case pleadings and papers that are required to be sent as part of the record on appeal, see T.R.A.P. 25(a) and (b), are before us. Thus, the trial court, being aware of the circumstances of the cases in which the defendant seeks relief, remains the best forum at this time to assess the relative merits of the defendant's motion.

In conclusion, we hold that the trial court should not have dismissed the defendant's Rule 35 motion for untimeliness under the record before us. If the issue of timeliness is still contested, the trial court has the authority to conduct an appropriate hearing for resolution of the matter. If such a hearing is unnecessary, the trial court

---

[1] At the relevant times for this case, Rule 49(c), Tenn. R. Crim. P., provided in part: "The clerk shall endorse upon every pleading and other papers filed with the clerk in a proceeding the date and hour of the filing." This reflects that the receipt of the pleading by the clerk constitutes the filing and not the clerk's endorsement of the date and time.

shall rule on the merits of the defendant's Rule 35 motion. The order of the trial court is reversed and the case is remanded for reconsideration in light of this opinion.

_____

Joseph M. Tipton, Judge

CONCUR:


_____

David G. Hayes, Judge


_____

William M. Barker, Judge